UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

DALE SOILEAU                                            CIVIL ACTION NO. 08-0385
SANDRA SOILEAU

VS.                                                     JUDGE DOHERTY

LOUISVILLE LADDER, INC.                                 MAGISTRATE JUDGE METHVIN

*RULING ON MOTION TO REMAND*
*(Rec. Doc. 6)*

Before the court is the Motion to Remand filed by plaintiffs Dale and Sandra Soileau on April 2, 2008.[1]  Defendant Louisville Ladder, Inc. opposes the motion.[2]  For the following reasons, the motion is **GRANTED.**

*Background*

Plaintiffs allege as follows: On March 11, 2007, Dale Soileau was using a ladder manufactured by Louisville Ladder, Inc. to work on his home.  Soileau's foot became entangled in the ladder and the end of his left little toe was severed.  Soileau seeks medical expenses and general damages for pain and suffering.  Soileau's wife seeks damages for loss of consortium.

On March 6, 2008, plaintiffs filed a Petition for Damages in the 15th Judicial District Court for Lafayette Parish, Louisiana against Louisville Ladder, Inc. and ABC Insurance Company.[3]  On March 20, 2008, Louisville Ladder removed the case to this court on the basis of diversity jurisdiction.

On April 2, 2008, plaintiffs filed the instant Motion to Remand for lack of subject matter jurisdiction, alleging that the requisite jurisdictional amount does not exist in this case.

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 22.

[3] Rec. Doc. 1-2.

*Legal Analysis*

A party may remove an action from state court to federal court if the action is one over which the federal court possess subject matter jurisdiction.  28 U.S.C. §1441(a).  The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper.  Manguno v. Prudential Property & Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Whether jurisdiction is present for removal purposes is dependent upon the claims in the state court petition as they existed at the time of removal.  Id.  As the removal statute is to be strictly construed in favor of remand, any ambiguities are construed against removal.  Id.

In this case, there is no dispute that the parties are diverse.  The sole issue is whether the requisite jurisdictional amount is met.

"Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995); Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003).

Louisiana plaintiffs are generally prohibited from specifying a monetary amount of damages in their state court petitions.  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999).  However, article 893 of the Louisiana Code of Civil Procedure was amended to provide in part:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La.Code Civ. Proc. art. 893(A)(1) (emphasis added), cited in DNP Enterprises, L.L.C. v. American Marine Holdings, Inc., 2005 WL 1431705, *2 (E.D.La. 2005).

3

Where the plaintiff does not allege a determinate amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999); St. Paul Reinsurance Co., Ltd. v. Greenburg, *supra*, 134 F.3d at 1253.

The facts supporting diversity jurisdiction must exist as of the date of removal.  The court must "evaluate the facts supporting jurisdiction as of the time of removal and therefore may not consider the entire post-removal record."  Simon v. Wal-Mart Stores, Inc., supra, citing Luckett v. Delta Airlines, Inc. supra.  Further, any post-removal affidavits or other evidence, may be considered only insofar as they shed light upon the amount in controversy at the time of removal. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).  The amount of a settlement offer "is valuable evidence to indicate the amount in controversy at the time of removal."  Fairchild v. State farm Mutual Automobile Ins. Co., 907 F.Supp. 969, 971 (M.D. La 1995), citing Wilson v. Belin, 20 F.3d 644, 651 n. 8 (5th Cir.), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994).

> Plaintiff's pertinent jurisdictional allegations are as follows:
>
> As a result of the acts of defendant, your petitioner, Dale Soileau, sustained injury to his body, including a loss of his little toe on his left foot, as well as other injuries which will be presented at the trial of this matter.
>
> As a result of the acts of defendants, your petitioner, Dale Soileau, sustained the following damages and anticipated damages for:
>
> a) Medical Expenses - Past, Present and Future
> b) Pain and Suffering – Past, Present and Future

4

    c) Mental Anguish, Emotional Distress - Past, Present and Future[4]

In accordance with Louisiana law, plaintiffs did not state a numerical value for the damage claims. Accordingly, it is not "facially apparent" that the claims are likely above $75,000.

Plaintiffs' motion sets forth that prior to filing the state court suit, plaintiffs offered to settle all claims for $28,392.37.[5] Further, plaintiffs "acknowledge that their claim is less than the jurisdictional minimum" of $75,000. Finally, plaintiffs' counsel attached an Affidavit to the motion, setting forth that "the amount in controversy in the above captioned and numbered proceeding is less than seventy-five thousand and no/100 dollars".[6]

In response, defendant has offered no support for the allegation that the amount in controversy meets the jurisdictional amount. Defendant has not offered medical records or bills showing that plaintiffs have incurred a substantial amount of expenses thus far, nor has defendant cited any case law supporting a finding of general damages in excess of $75,000 for injuries similar to those in this case.

Considering the foregoing, I find that defendant has not sufficiently established that the amount in controversy at the time of removal was at least $75,000. Defendant's conclusory allegation that the amount in controversy exceeds the jurisdictional amount is insufficient. Further, a review of the petition shows that damages alleged by plaintiffs are not substantial and are limited to the injury to a little toe. The minimal damages at issue are reflected by plaintiffs' pre-removal

---

[4] Rec. Doc. 1-2.

[5] Rec. Doc. 6-2.

[6] Rec. Doc. 6-3.

5

settlement offer of $28, 392.37. In addition, plaintiffs reiterate in the motion and counsel's affidavit that the damages are less than $75,000.00.[7]

### *Conclusion*

Considering the foregoing, and because removal statutes are to be construed strictly against removal and for remand, plaintiffs' Motion to Remand is **GRANTED** and this case is **REMANDED** to the 15th Judicial District Court for Lafayette Parish, subject to the stay set forth in the accompanying order.

The Clerk shall remove the Motion to Remand from the undersigned's May 28, 2008 motion calendar.

Signed at Lafayette, Louisiana, on April 26, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[7] It is well-settled that a stipulation by plaintiff to seek damages below the federal diversity amount *prior to removal* will prevent a defendant from removing a case to federal court. However, a stipulation submitted *subsequent* to removal does not affect jurisdiction when the amount in controversy at the time of removal is shown to satisfy the jurisdictional amount. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Reisman v. New Hampshire Fire Ins. Co., 312 F.2d 17, 19 (5th Cir.1963) ("The decisions under 28 U.S.C.A. § 1447 make it clear that once jurisdiction has attached, it cannot be subsequently divested."). Accordingly, the post-removal affdiavit alone is insufficient for this court to remand the case, however, this fact, combined with the minimal damages alleged in the complaint show that the jurisdictional amount is not met.